**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANGEL J. RODRIGUEZ,

                              Plaintiff,                      **16 Civ. 1447 (VB) (PED)**

                 - *against* -

                                                             <u>**CORRECTED REPORT AND**</u>
HEINCHON MARCUS DISTRIBUTORS, LLC,                           <u>**RECOMMENDATION**</u>

                              Defendant.

**TO:   THE HONORABLE VINCENT L. BRICCETTI,**
         **UNITED STATES DISTRICT JUDGE**

**I.    <u>INTRODUCTION</u>**

On February 24, 2016, Plaintiff Angel Rodriguez ("Plaintiff") commenced this action against Defendant Heinchon Marcus Distributors, LLC ("Defendant"), Dkt. 1 (Complaint ("Compl.")), under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL") for unpaid overtime wages and related relief arising from Plaintiff's employment as a dairy product delivery driver from October 27, 2014 to March 16, 2015.  Affidavit, Dkt. 19 ("Rodriguez Aff.") ¶ 4.

On May 20, 2016, Plaintiff filed his request to enter a default judgment against Defendant.  Dkt. 10.  On May 24, 2016, Defendant's default was certified by the Clerk of the Court.  Dkt. 11.  On June 30, 2016, the Court entered a default judgment against Defendant, Dkt. 14, and referred the matter to me for a damages inquest.  Dkt. 15.

Having completed the inquest, for the reasons set forth below, I respectfully recommend that the Court enter judgment against Defendant in the total amount of $64,057.26. This damage award consists of $25,277.34 in overtime wages, $25,277.34 in liquidated damages under the FLSA, and $13,502.58 in attorneys' fees and costs.

## II.   **DISCUSSION**

### A.   **Applicable Law**

#### 1.   **Statute of Limitations**

Under the FLSA, employees must raise claims for unpaid overtime within two years of a non-willful violation, or within three years of a willful violation. 29 U.S.C. § 255(a). Under NYLL, employees have six years to raise claims for unpaid overtime wages. N.Y. Lab. Law § 663(3).

#### 2.   **Burden of Proof**

An employee bringing an action for unpaid overtime wages under the FLSA has the burden of proving that he was not properly compensated for his work. *Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 0461, 2014 U.S. Dist. LEXIS 120422, *7 (S.D.N.Y. Aug. 26, 2014) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). An employer is required to maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c); 12 N.Y.C.R.R. § 142-2.6(a) ("[e]very employer shall establish, maintain and preserve for not less than six years, weekly payroll records…"). In the case of a defaulting defendant, a plaintiff may meet his burden of proof "by relying on his recollection alone" to establish that he performed

2

work for which he was inadequately compensated. *Morales v. MW Bronx, Inc.*, No. 15 Civ. 6296, 2016 U.S. Dist. LEXIS 100422, *12 (S.D.N.Y. Aug. 1, 2016) (citing *Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005)).

### 3. Federal and State Labor Law

#### i. Unpaid Overtime

The FLSA and NYLL require that employers pay overtime wages (at a rate of one and one-half times the regular rate) to employees who work over forty (40) hours per week.  29 U.S.C. § 207(a)(1)); 12 N.Y.C.R.R. § 142-2.2.  "To determine whether and to what extent an employee is owed back pay for unpaid [] wages, the Court first must ascertain the employee's regular hourly rate." *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 Civ. 10234, 2016 U.S. Dist. LEXIS 121259, *19 (S.D.N.Y. Sept. 8, 2016).  Under the FLSA, if an employee receives a flat weekly salary, "there is a rebuttable presumption that the weekly salary covers 40 hours." *Xochimitl*, 2016 U.S. Dist. LEXIS 121259 at *19.  "The Court will then calculate the employee's regular hourly rate by dividing his weekly salary by forty hours."[1]  *Xochimitl* at *19 (brackets omitted).  Overtime wages are "calculated by multiplying [an employee's] regular hourly rate … by one and one-half.  That rate is then multiplied by the number of hours in excess of forty hours the employee worked each week." *Id.* at *20-21.

#### ii. Liquidated Damages

Under the FLSA, a plaintiff may recover, in addition to his unpaid overtime wages, an

---

[1] "Even when wages exceed the minimum prescribed by Congress, [employers] must respect the statutory policy of requiring the employer to pay one and one-half times the regularly hourly rate for all hours actually worked in excess of [forty]." *Adams v. Dept. of Juvenile Justice*, 143 F.3d 61, 68 (2d Cir. 1998) (quoting *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 42 (1944)).

"additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  There is a presumption in favor of awarding liquidated damages.  *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 Civ. 10234, 2016 U.S. Dist. LEXIS 121259, *46-47 (S.D.N.Y. Sept. 8, 2016).  However, a court can deny awarding liquidated damages where an employer "shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA."  *Barfield v. N.Y. City Health & Hospitals Corp.*, 537 F.3d 132, 142 (2d Cir. 2008).

The NYLL also authorizes awarding liquidated damages.  Until late 2009, the NYLL authorized liquidated damages for "willful" violations of the NYLL.  On November 24, 2009, the NYLL liquidated damages standard was revised to more closely resemble the 'good faith' FLSA liquidated damages standard.  *Inclan v. New York Hospitality Grp., Inc.*, 95 F. Supp. 3d 490, 505 (S.D.N.Y. 2015).  Now, an employee is presumptively entitled to liquidated damages under the NYLL unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law.  N.Y. Lab. Law § 198(1-a).  Defaulting defendants cannot meet this standard as they will not have made a showing of 'good faith.' *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 Civ. 10234, 2016 U.S. Dist. LEXIS 121259, *47 (S.D.N.Y. Sept. 8, 2016).

On April 9, 2011, the New York Wage Theft Prevention Act ("WTPA") further aligned the NYLL liquidated damages provision with the FLSA liquidated damages provision by increasing the amount of liquidated damages available under the NYLL from twenty-five percent to one-hundred percent of the reimbursed unpaid overtime wages.  2010 N.Y. Laws Ch. 564 §§ 7, 16.

### iii.  **Spread of Hours**

Under the NYLL, an employee is entitled to "receive one hour's pay at the basic

minimum hourly wage rate . . . for any day in which . . . the spread of hours exceeds [ten] hours."

12 N.Y.C.R.R. § 142-2.4.  "The spread of hours is the length of the interval between the

beginning and end of an employee's workday."  12 N.Y.C.R.R. § 146-1.6.  "Through the end of

2010, this requirement only applied to employees paid at the New York minimum wage and did

not ensure additional compensation to employees whose wages sufficiently exceed that floor."

*Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 461, 2014 U.S. Dist. LEXIS 120422, *11

(S.D.N.Y. Aug. 26, 2014), *adopted by*, 2014 U.S. Dist. LEXIS 139061 (S.D.N.Y. Sept. 30,

2014).  On January 1, 2011, a regulatory amendment extended eligibility for spread of hours pay

"to all employees in restaurants . . . regardless of a given employee's regular rate of pay."  12

N.Y.C.R.R. § 146-1.6.

### 4.  **Attorneys' Fees**

Both the FLSA and NYLL are fee-shifting statutes, which entitle a prevailing plaintiff to

recover his reasonable attorney's fees and costs.  29 U.S.C. § 216(b) ("The court in [an FLSA]

action shall . . . allow a reasonable attorney's fee to be paid by the defendant[s], and costs of the

action.");  N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by

an employee [under the NYLL] in which the employee prevails, the court shall allow such

employee to recover . . . all reasonable attorney's fees.");  *Gurung v. Malhotra*, 851 F. Supp. 2d

583, 595 (S.D.N.Y. 2012).

"In order to determine the appropriate fee award, courts typically start by determining the

so-called lodestar amount, or 'the product of a reasonable hourly rate and the reasonable number

of hours required by the case.'" *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011).

Counsel for the prevailing party must make a good faith effort to exclude excessive, redundant, or unnecessary hours from the fee request, *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 n.6 (2d Cir. 2008), and must "document the application [for fees and costs] with contemporaneous time records. . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *Scott v. City of N.Y.*, 626 F.3d 130, 132 (2d Cir. 2010).

Ultimately, a court's discretion to set a fee award is broad. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1989); *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014) ("We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's superior understanding of the litigation and . . . what essentially are factual matters.").

### i.   Reasonable Hourly Rate

"The reasonable hourly rate is the rate a paying client would be willing to pay, bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (internal quotations omitted). "To assess the reasonable rate, the Court considers the prevailing market rates for similar services by lawyers of reasonably comparable skill, experience and reputation." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (2d Cir. 2012) (internal quotations omitted). The relevant community is this District. *Arbor Hill Concerned Citizens Neighborhood Assn v. Cnty. of Albany*, 522 F.3d 182, 190-91 (2d Cir. 2008). In recent wage-and-hour cases, courts in this District have determined that a fee in the range of $250 to $450 is appropriate for experienced litigators. *See Cortes v. New Creators*, No. 15 Civ.

5680, 2016 U.S. Dist. LEXIS 79757, *7 (S.D.N.Y. Jun. 20, 2016); *see also Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 0461, 2014 U.S. Dist. LEXIS 120422, *39 (S.D.N.Y. Aug. 26, 2014) (collecting cases).

## ii. <u>Reasonable Hours Expended</u>

"After determining the appropriate hourly billing rate, the Court calculates the hours reasonably expended." *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 Civ. 10234, 2016 U.S. Dist. LEXIS 121259, *7 (S.D.N.Y. Sept. 8, 2016) (internal brackets omitted).   Courts must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).  The critical inquiry for whether the hours were "reasonably expended" is "whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

## 5. <u>Costs</u>

An employee who prevails in a wage-and-hour action is entitled to recover costs.  29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1).  Costs are defined as "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Leblanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).

## 6. <u>Default</u>

It is well settled that, when a defendant defaults, the court must accept all of Plaintiff's allegations as true, except those pertaining to damages. Fed. R. Civ. P. 8(b)(6); *see, e.g.*, *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  Proof of damages must be based upon

admissible, authenticated evidence. *House v. Kent Worldwide Machine Works, Inc.*, 359 Fed.

Appx. 206, 207-08 (2d Cir. 2010). Plaintiff "bears the burden of establishing his entitlement to

recovery and thus must substantiate his claim with evidence to prove the extent of his damages."

*Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 Civ. 10234, 2016 U.S. Dist. LEXIS

121259, *7 (S.D.N.Y. Sept. 8, 2016)(internal brackets omitted)(citing *Dunn v. Advanced Credit*

*Recovery Inc.*, No. 11 Civ. 4023, 2012 U.S. Dist. LEXIS 27205, *2 (S.D.N.Y. Mar. 1, 2012),

*adopted by*, 2012 U.S. Dist. LEXIS 47129 (S.D.N.Y. Apr. 3, 2012). The court must conduct an

inquiry sufficient to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA),*

*Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

## B. The Inquest

On July 6, 2016, I issued a Scheduling Order for Damages Inquest, Dkt. 16, ("Scheduling

Order"), directing Plaintiff to file and serve proposed findings of fact and proposed conclusions

of law, and providing time for Defendant to file and serve a response thereto. The Scheduling

Order further provided:

> The Court hereby notifies the parties that it may conduct this inquest
> based solely upon the written submissions of the parties. *See Fustok*
> *v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). To
> the extent that any party seeks an evidentiary hearing on the issue of
> damages (or other monetary relief), such party must set forth in its
> submission the reason why the inquest should not be conducted
> based upon the written submissions alone, including a description of
> what witnesses would be called to testify at a hearing and the nature
> of the evidence that would be submitted.

*Id.* Plaintiff did not request an evidentiary hearing. On August 5, 2010, Plaintiff filed his First

Memorandum of Law ("Pl. Mem."), affidavits, and accompanying exhibits. Dkt. 20; Dkt. 19.

Defendant did not respond. After a preliminary review of Plaintiff's submissions, I issued a

further Order, requesting additional information concerning Plaintiff's request for costs.  Dkt. 22.
Plaintiff did not respond.

## C. Recommendation as to Damages

I conclude that Defendant's default constitutes an admission of liability and that
Plaintiff's documentary evidence provides a sufficient basis from which the Court can
reasonably ascertain the following damages:  $25,277.34 in overtime wages; $25,277.34 in
liquidated damages under the FLSA; and $12,565.50 in attorneys' fees (for a total amount of
$64,057.26).

### 1. Statute of Limitations

Under the FLSA, employees must raise claims for unpaid overtime within two years of a
non-willful violation, or within three years of a willful violation.  29 U.S.C. § 255(a).  Under
NYLL, employees have six years to raise claims for unpaid overtime wages.  N.Y. Lab. Law §
663(3).  Courts deem defendants' actions willful where they have defaulted.  *Xochimitl v. Pita
Grill of Hell's Kitchen, Inc.*, No. 14 Civ. 10234, 2016 U.S. Dist. LEXIS 121259, *47 (S.D.N.Y.
Sept. 8, 2016).  Since Defendant defaulted here, its violations are deemed willful.  Therefore,
Plaintiff is entitled to the FLSA's longer three-year statute of limitations.

Claims for unpaid overtime wages accrue when an employer fails to pay the required
compensation at the regular payday for that period of work.  29 C.F.R. § 790.21(b).  Here,
Plaintiff's claims first accrued when his employer failed to pay his overtime wages on his regular
payday for the workweek ending on November 2, 2014.  Pl. Mem. at 1; Rodriguez Aff., Ex. 1 at
1.  Since Plaintiff filed his claims on February 24, 2016—a year and four months after his

employer first failed to pay his overtime wages on his regular payday—he falls well within the FLSA's three-year statute of limitations and the NYLL's six-year statute of limitations.  He is therefore entitled to relief under either statute.

### 2.  Federal and State Labor Laws

#### i.  Unpaid Overtime Wages

Plaintiff claims that Defendant failed to compensate him for his overtime work.  Comp. ¶¶ 3, 13-19.  I employ the FLSA for purposes of calculating Plaintiff's unpaid overtime award. To calculate overtime pay under the FLSA, the court must first determine the employee's regular rate of pay for the relevant period.  29 U.S.C. § 207(a)(1).  The employee's regular rate of pay is the hourly rate paid to the employee for a typical week.  29 U.S.C. § 207(e).  The employee's regular hourly rate is calculated by dividing his weekly salary by forty (40) hours.  *Xochimitl* at *19.  After determining the hourly rate, the court must next determine the number of overtime hours for which the employer is liable.  That, in turn, requires that the court determine the period of liability and the number of overtime hours that Plaintiff worked during that period.

Even though Plaintiff may demonstrate his damages by "relying on his recollection alone," *Morales v. MW Bronx, Inc.*, No. 15 Civ. 6296, 2016 U.S. Dist. LEXIS 100422, *12 (S.D.N.Y. Aug. 1, 2016), here Plaintiff submitted an affidavit supported by pay stubs he received from Defendant (from November 2, 2014 to March 29, 2015), copies of driver sign-in sheets, and a daily route sheet.  Rodriguez Aff., Exs. 1-4.  I conclude that the affidavits and records submitted by Plaintiff, except where noted, constitute sufficient evidence regarding the wages he received and the hours he worked during the applicable pay periods.  *Id.*  The following facts,

drawn from Plaintiff's complaint and inquest submissions, are deemed established for the

purpose of determining Plaintiff's damages.

### a. Plaintiff's Work Schedule and Compensation

Plaintiff worked as Defendant's dairy product delivery driver from October 27, 2014

through March 16, 2015.  Rodriguez Aff. ¶ 2.  Plaintiff's work generally involved the delivery of

dairy products to school districts and other large users of dairy products.  Rodriguez Aff. ¶ 4.

From October 27, 2014 until December 28, 2014, Plaintiff worked five-days a week, sixteen and

one-half (16.5) hours a day.  Rodriguez Aff. ¶¶ 4, 8 and Ex. 1 at 1-9.  Beginning in January 2015,

Defendant added a sixth workday to Plaintiff's schedule and had him work sixteen and one-half

(16.5) hours a day, five days a week, and twelve (12) hours a day, on the sixth day of his

workweek.  Rodriguez Aff. ¶¶ 4, 8.  Plaintiff continued to work six days a week[2] until he

sustained a workplace injury on March 16, 2015—his final day of work.  *Id.*

In 2014, Plaintiff regularly worked eighty-two and one-half (82.5) hours per week

(sixteen and one-half (16.5) hours a day, five days a week).  Rodriguez Aff. ¶ 8.  Therefore,

Plaintiff worked forty-two and one-half (42.5) hours of overtime every workweek between

October 27, 2014 and December 24, 2014.  Rodriguez Aff. ¶ 8.

In 2015, Plaintiff regularly worked ninety-four and one-half (94.5) hours a week (sixteen

and one-half (16.5) hours a day, five days a week, and twelve (12) hours a day, one day a week).[3]

---

[2] Plaintiff notes two exceptions to this schedule: (1) Plaintiff only worked three days during the week of January 26, 2015 because of the birth of his daughter; and (2) Plaintiff only worked one day during the week of March 2, 2015 because his daughter was admitted to the hospital.  Rodriguez Aff. ¶ 9.
[3] Plaintiff attributes his long working hours to the "unusually large number of cases of dairy products that [he alone] was responsible to deliver and the location of the deliveries, which were the farthest of all the routes from the yard." Rodriguez Aff. ¶¶ 4-5 and Ex. 2.

Rodriguez Aff. ¶ 8.  Therefore, Plaintiff worked 54.5 (fifty-four and one-half) hours of overtime every workweek between December 29, 2014 and March 16, 2015 with the exception of two weeks[4]: (1) the week of January 26, 2015 when he worked 9.5 (nine and one-half) hours of overtime; and (2) the week of February 9, 2015 when he worked 42.5 (forty-two and one-half). Rodriguez Aff. ¶ 9, and Ex. 1.

Because of the rebuttable presumption that a weekly salary covers forty (40) hours, I calculated Plaintiff's hourly rate by dividing the amount he was actually paid on his pay stub, Rodriguez Aff., Ex. 1, by forty (40) hours.  *Xochimitl*, 2016 U.S. Dist. LEXIS 121259 at *19.  In 2014, his hourly rate was $15.63 for his first week of work and $21.88 for the following eight weeks of work.  Rodriguez Aff. ¶ 8; Table 1, Column 4.  His overtime pay rate (one and one-half times his hourly rate) was $23.44 for his first week of work and $32.81 for the following eight weeks of work.  *See* Table 1, Column 5.  That year, Plaintiff worked three-hundred eighty-two and one-half (382.5) unpaid overtime hours.  Rodriguez Aff. ¶ 8; Table 1, Column 7.  Therefore, Plaintiff is owed $12,152.34 in unpaid overtime wages from 2014.  Table 1, Column 8.  In 2015, he was paid an hourly rate of $17.50 for twelve weeks of work.  Table 1, Column 4.  His overtime pay rate was $26.25.  Table 1, Column 5.  In 2015, Plaintiff worked five-hundred (500) unpaid overtime hours.  Rodriguez Aff. ¶ 8; Table 1, Column 7.  Therefore, Plaintiff is owed $13,125.00 in unpaid overtime wages from 2015.  Table 1, Column 8.

Based on my calculations in Table 1 below, Plaintiff's total actual damages for 2014 and

---

[4] Although he worked fifty-four and one-half (54.5) overtime hours every other week in 2015, there are inconsistencies on two of his paystubs:  The paystub for the week ending February 15, 2015 only compensated him for thirty (30) hours of work, instead of the forty (40) hours he was usually compensated for.  Rodriguez Aff., Ex. 1. As a result, the paystub for the following week, the week ending February 22, 2015, compensated him for fifty (50) hours to cover the regular forty (40) hours he was usually compensated for and the ten (10) missing hours from the week before.  Rodriguez Aff., Ex. 1.

2015 were $25,277.34.  Accordingly, I conclude that Plaintiff is entitled to recover $25,277.34 in

unpaid overtime wages.

**TABLE 1. Total Unpaid Overtime (November 2014 – March 2015)**

| Week Ending | Amount paid on pay stub | Hours paid on pay stub | Hourly Rate (Amount paid on pay stub / 40 Hours) | Overtime Rate (1.5 x Hourly Rate) | Total hours actually worked | Overtime Hours | Unpaid Overtime (Overtime Hours x Overtime Rate) |
|---|---|---|---|---|---|---|---|
| 11/2/14 | $625 | 40 | $15.63 | $23.44 | 82.5 | 42.5 | $996.09 |
| 11/9/14 | $875 | 40 | $21.88 | $32.81 | 82.5 | 42.5 | $1,394.53 |
| 11/16/14 | $875 | 40 | $21.88 | $32.81 | 82.5 | 42.5 | $1,394.53 |
| 11/23/14 | $875 | 40 | $21.88 | $32.81 | 82.5 | 42.5 | $1,394.53 |
| 11/30/14 | $875 | 40 | $21.88 | $32.81 | 82.5 | 42.5 | $1,394.53 |
| 12/7/14 | $875 | 40 | $21.88 | $32.81 | 82.5 | 42.5 | $1,394.53 |
| 12/14/14 | $700 | 32 | $21.88 | $32.81 | 82.5 | 42.5 | $1,394.53 |
| 12/21/14 | $612 | 28 | $21.88 | $32.81 | 82.5 | 42.5 | $1,394.53 |
| 12/28/14 | $1,050 | 48 | $21.88 | $32.81 | 82.5 | 42.5 | $1,394.53 |
| **Total Unpaid Overtime in 2014** | | | | | | | **$12,152.34** |
| 1/4/15 | $875 | 50 | $17.50[5] | $26.25 | 94.5 | 54.5 | $1,430.63 |
| 1/11/15 | $700 | 40 | $17.50 | $26.25 | 94.5 | 54.5 | $1,430.63 |
| 1/18/15 | $875 | 50 | $17.50 | $26.25 | 94.5 | 54.5 | $1,430.63 |
| 1/25/15 | $1,050 | 60 | $17.50 | $26.25 | 94.5 | 54.5 | $1,430.63 |

---

[5] Plaintiff notes that he does not know why his hourly rate decreased from 2014 to 2015.  Rodriguez Aff. ¶ 10.

| 2/1/15 | $437 | 25 | $17.50 | $26.25 | 49.5 | 9.5[6] | $249.38 |
| 2/8/15 | $700 | 40 | $17.50 | $26.25 | 94.5 | 54.5 | $1,430.63 |
| 2/15/15 | $525 | 30 | $17.50 | $26.25 | 82.5 | 42.5[7] | $1,115.63 |
| 2/22/15 | $875 | 50 | $17.50 | $26.25 | 106.5 | 66.5[8] | $1,745.63 |
| 3/1/15 | $1,050 | 60 | $17.50 | $26.25 | 94.5 | 54.5 | $1,430.63 |
| 3/8/15 | $175 | 10 | $17.50 | $26.25 | 16.5 | -[9] | $ - |
| 3/15/15 | $787 | 45 | $17.50 | $26.25 | 94.5 | 54.5 | $1,430.63 |
| **Total Unpaid Overtime in 2015:** | | | | | | | **$13,125.00** |
| **TOTAL UNPAID OVERTIME:** | | | | | | | **$25,277.34** |

### ii. Liquidated Damages

Because Defendant defaulted, the presumption in favor of awarding liquidated damages is unrebutted. Accordingly, I find that Plaintiff may recover liquidated damages for his unpaid overtime claims under either the FLSA or the NYLL.

Plaintiff, however, seeks to recover liquidated damages cumulatively under both the FLSA and the NYLL. I have previously recommended that FLSA/NYLL plaintiffs be awarded liquidated damages under both statutes, *see Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 674-75 (S.D.N.Y. 2011), and adhered to that position as recently as last year. *See Alvarez v. 215 N. Ave. Corp.*, No. 13 Civ. 7049, 2015 U.S. Dist. LEXIS 61749 (S.D.N.Y. Jan. 22, 2015).

---

[6] Plaintiff only worked three days during the week ending on February 1, 2015 because of the birth of his daughter. Rodriguez Aff. ¶ 9.
[7] Plaintiff notes that he was only paid for five days of work instead of his regular six days of work for the week ending February 15, 2015. The following week Plaintiff was paid for his regular six days of work for the week ending February 22, 2015 and the unpaid work day from the week before. Dkt. 21.
[8] *See* note 7.
[9] Plaintiff only worked one day during the week ending March 8, 2015 because his daughter was admitted to the hospital. Rodriguez Aff. ¶ 9.

However, recent cases have questioned whether continuing to award liquidated damages under both the FLSA and the NYLL makes sense in light of the state legislature's initiative to amend New York's liquidated damages statute to conform to the FLSA. *See Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 Civ. 10234, 2016 U.S. Dist. LEXIS 121259, *49-50 (S.D.N.Y. Sept. 8, 2016) (Cott, J.)(collecting cases and reviewing legislative history). I find persuasive Judge Cott's analysis and his conclusion that the two statutes are now aligned to such a degree that there is no longer a basis for cumulative liquidated damages awards. *Id.* at *53-54.

Accordingly, I recommend that Plaintiff be awarded liquidated damages under the FLSA and that he not receive a separate award of liquidated damages under the NYLL. Plaintiff should therefore recover liquidated damages under the FLSA for unpaid overtime wages earned between October 27, 2014 and March 16, 2015.

Based on my calculations in Table 1, Plaintiff's total actual damages were $25,277.34 for this period. Under the FLSA, in addition to his unpaid overtime wages, Plaintiff is entitled to an "additional equal amount as liquidated damages." 29 U.S.C. § 216(b). He is therefore entitled to $25, 277.34 in liquidated damages stemming from his FLSA overtime claims.

### iii.  **Spread of Hours**

Plaintiff claims he is entitled to "receive one hour's pay at the basic minimum hourly wage rate" under 12 N.Y.C.R.R. § 142-2.4. Until the end of 2010, "this requirement only applied to employees paid at the New York minimum wage and did not ensure additional compensation to employees whose wages sufficiently exceed that floor." *Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 461, 2014 U.S. Dist. LEXIS 120422, *11 (S.D.N.Y. Aug. 26, 2014) *adopted by*, 2014 U.S. Dist. LEXIS 139061 (S.D.N.Y. Sept. 30, 2014). On January 1,

2011, however, a regulatory amendment extended eligibility for spread of hours pay "to all employees in restaurants . . . regardless of a given employee's regular rate of pay." 12 N.Y.C.R.R. § 146-1.6. Although it is clear that Defendant paid Plaintiff above the minimum hourly wage at all relevant times, Rodriguez Aff. ¶¶ 3, 10, Plaintiff argues that he is entitled to spread of hours compensation under the restaurant employee exception. Pl. Mem. at 4.

Plaintiff's argument is unavailing for the simple reason that he was not employed in the restaurant industry as defined in 12 N.Y.C.R.R. § 137-3.1 ("any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, or curb service or counter service..."). Plaintiff drove a delivery truck for a dairy product distribution company and delivered dairy products to school distributors and other large dairy product users. Rodriguez Aff. ¶¶ 2, 4. Nothing in the record suggests that Plaintiff was employed in the restaurant industry as defined in the statute.

Accordingly, I find that Plaintiff is not entitled to the extended eligibility of spread of hours compensation for restaurant employees.

### 3. **Attorneys' Fees & Costs**

Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 216 and N.Y. Lab. Law § 663. *See* Comp. Prayer for Relief ¶ 35(d); *see also* Pl. Mem. at 2-5. Plaintiff provided the Court with the contemporaneous billing records of his counsel at Catania, Mahon, Milligram & Rider, PLLC, which include hours expended, dates of work, and brief descriptions of the tasks performed by his attorney and paralegal, Robert DiNardo and Kristine Williams, respectively. Attorneys Affirmation, Dkt. 18 ("DiNardo Aff."), Ex. 4.

Plaintiff seeks an attorneys' fees award of $20,000, which the court breaks down according to counsel's billing records as follows: $11,418 for 30.9 hours of work completed by Robert DiNardo, $1,147.50 for 8.5 hours of work completed by Kristine Williams, and $1,402.08 for costs (a total of $13,967.58). DiNardo Aff., Ex. 4. The remaining $6,032.42 Plaintiff seeks is unaccounted for in counsel's billing records. DiNardo Aff., Ex. 4. Plaintiff asserts that the additional sum is meant to compensate Plaintiff's counsel for "additional supplementary proceeding work in an effort to enforce and collect the judgment." Pl. Mem. at 5.

I recommend that the Court deny Plaintiff's request for $6,032.42 to cover prospective legal fees because Plaintiff's counsel provided neither contemporaneous time records for such work nor cited any legal authority that would permit the Court to award fees which have not yet been incurred.[10]

### i.  **Reasonable Hourly Rate**

Plaintiff seeks to recover fees for work performed by Robert DiNardo and Kristine Williams. DiNardo Aff., Ex. 4.

Mr. DiNardo is Special Counsel at the firm and has practiced law since 1972. In additional to his employment litigation practice in federal and state courts, he has served as Town Justice for the Town of Hamptonburgh, from 1974 to 1978, and Town Attorney for the

---

[10] The Court notes that other courts have denied as speculative similar requests for prospective attorneys' fees. *E.g.*, *De La Paz v. Rubin & Rothman, LLC*, No. 11 Civ. 9625, 2013 U.S. Dist. LEXIS 168281, *18-20 (S.D.N.Y. Sept. 20, 2013) (denying Plaintiff's request for an award of prospective attorneys' fees because "[c]ontemporaneous records do not support plaintiff's request for attorneys' fees on prospective work"); *Hoover v. W. New York Capital*, No. 09 Civ. 955, 2010 U.S. Dist. LEXIS 59621, *4 (W.D.N.Y. June 16, 2010) (denying counsel's request for "anticipated collection costs" because counsel did not provide any legal authority that would permit the Court to grant such an award); and *Gervais v. O'Connell, Harris & Assocs., Inc.*, 297 F. Supp. 2d 435, 440 n. 1 (D. Conn. 2003) ("Plaintiff also asked this Court to award him the likely fees that he will incur in enforcing this judgment… plaintiff acknowledged that he did not have any legal authority that would permit the Court to make such an award, and the Court decline[d] to do so.").

Town of Hamptonburgh from 1978-1994. He seeks a rate of $360 per hour billed in 2015 and a rate of $375 per hour billed in 2016. DiNardo Aff., Ex. 4. Given Mr. DiNardo's forty-four (44) years of experience practicing law in primarily employment and general commercial litigation, Mr. DiNardo's requested hourly rates are in line with the rates generally awarded in this District to attorneys with commensurate levels of experience. *See e.g.*, *Gonzalez v. Scanlinatella, Inc.*, No. 13 Civ. 3629, 2015 U.S. Dist. LEXIS 78620, *20-22 (S.D.N.Y. June 12, 2015) (awarding hourly rate of $450 to partner with significant experience in FLSA actions, $350 to senior associate practicing ten years, and $200 to a third year associate).

Ms. Williams has been a paralegal at Catania, Mahon, Milligram & Rider, PLLC since 2010. She seeks a rate of $135 per hour. "In recent FLSA actions, hourly rates between $100 and $125 for paralegal work have been found to be reasonable." *See Cortes v. New Creators, Inc.*, No. 15 Civ. 5680, 2016 U.S. Dist. LEXIS 79757, *20 (S.D.N.Y. June 20, 2016) (quoting *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 U.S. Dist. LEXIS 85873, *8 (S.D.N.Y. July 1, 2015). I find that Ms. William's hourly rates are in line with the paralegal rates generally awarded in this District.

Accordingly, the Court recommends that Mr. DiNardo's attorneys' fees should be calculated using the rates of $360 per hour in 2015 and $375 per hour in 2016. Similarly, Ms. William's fees should be calculated using the rate of $135 per hour.

### ii.  Reasonable Hours Expended

Plaintiff's counsel provided contemporaneous time records that document the 39.4 hours of total work he and his staff performed in connection with this matter. DiNardo Aff., Ex. 4. Plaintiff's counsel billed for a total of 30.9 hours. DiNardo Aff., Ex. 4 at 3. Plaintiff's paralegal

billed for a total of 8.5 hours.  DiNardo Aff., Ex. 4 at 3.  I find that the hours expended were

reasonable because Plaintiff's request for an award for the 39.4 hours spent on the case is well

within 55 hour cap that other courts in this District have used for wage-and-hour cases in the

same procedural posture.  *See, e.g.*, *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195,

2012 U.S. Dist. LEXIS 67058, *51 (S.D.N.Y. May 14, 2012) (finding that "the high-end amount

of hours spent on cases in a similar procedural posture (i.e., a motion for default judgment

immediately following the filing of a complaint) is no more than 55 hours total").  Counsel's

hours are well within, if not below, the range considered reasonable in this District.  Although

"the court has discretion simply to deduct a reasonable percentage of the number of hours

claimed as a practical means of trimming fat from a fee application," *Kirsch v. Fleet St., Ltd.*,

148 F.3d 149, 173 (2d Cir. 1998)(internal citations omitted), no such reduction is warranted here.

 Based on my calculations in Table 2, I recommend that the Court award a total of

$12,565.50 ($135 per each hour of Ms. William's 8.5 hours of work, $360 per each hour of Mr.

DiNardo's 11.3 hours of work in 2015, and $375 per each hour of Mr. DiNardo's 19.6 hours of

work in 2016) in attorneys' fees.

### TABLE 2. Attorneys' Fees

| YEAR: ATTORNEY OR PARALEGAL | HOURLY RATE | HOURS BILLED | TOTAL FEES |
|---|---|---|---|
| 2014: Robert DiNardo | $360 | 11.30 | $4,068.00 |
| 2015: Robert DiNardo | $375 | 19.60 | $7,350.00 |
| 2015: Kristine Williams | $135 | 8.50 | $1,147.50 |
| TOTAL | | | $12,565.50 |

### 4.  **Costs**

Plaintiff seeks to recover $1,402.08 in costs.  DiNardo Aff., Ex. 4 at 4.  Plaintiff seeks

reimbursement of the Court's filing fee for two complaints ($400 each, $800 total),[11] $24.18 in

online legal research fees, $112.90 in duplication costs, and $465 in checks to Michael Crudele.

An employee who prevails in a wage-and-hour action is entitled to recover costs.  29 U.S.C. §

216(b); N.Y. Lab. Law § 663(1).  Costs are defined as "those reasonable out-of-pocket expenses

incurred by attorneys and ordinarily charged to their clients."  *Leblanc-Sternberg v. Fletcher*,

143 F.3d 748, 763 (2d Cir. 1998).  Therefore, I recommend that Plaintiff be reimbursed his costs

for the filing fees, online legal research fees, and duplication costs because these are reasonable

out-of-pocket expenses incurred by attorneys and ordinarily charged to clients.  However, neither

Plaintiff's Memorandum of Law nor Plaintiff's Attorney's Affirmation explain why four checks

were written to Michael Crudele during the course of this litigation.  After beginning this

inquest, I issued an order giving Plaintiff's counsel an opportunity to supplement his request with

additional information.  Dkt. 22.  Having received no response, I decline to reimburse Plaintiff

for this unexplained $465 cost.  Accordingly, I recommend that the Court award $937.08 for

Plaintiff's counsel's remaining costs.

---

[11] After initially filing this action, counsel engaged in lengthy settlement negotiations because defense counsel was not admitted to federal court and was therefore unable to answer the complaint.  DiNardo Aff. ¶ 4.  The settlement negotiations fell apart and the initial complaint was dismissed without prejudice.  *Id.*  Plaintiff subsequently refiled its complaint and incurred a second $400 filing fee.  Dkt. 1.

III.    **CONCLUSION**

For the foregoing reasons, I recommend that judgment be entered in Plaintiff's favor.  I respectfully recommend that Plaintiff be awarded damages in the total amount of **$64,057.26** as follows:

A.    **OVERTIME WAGES** in the total amount of $25,277.34;

B.    **LIQUIDATED DAMAGES** in the total amount of $25,277.34; and

C.    **ATTORNEYS' FEES AND COSTS** in the total amount of $13,502.58.

Dated:   November 10, 2016
    White Plains, New York

Respectfully submitted,

**PAUL E. DAVISON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, from the date hereof to file written objections to this Report and Recommendation.  Fed. R. Civ. P. 6(a).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Vincent L. Briccetti, United States District Judge, at the Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti.

A copy of the foregoing Report and Recommendation has been sent to the following:

Heinchon Marcus Distributors, LLC
4 Eagle Road
Danbury, CT 06810